UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

GENE LATREACE MANGUM,
　　　　*Defendant-Appellant.*

No. 00-4469

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-99-356-1)

Submitted: December 14, 2000

Decided: December 21, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis Carr Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gene Latreace Mangum, a North Carolina prisoner, appeals his conviction, pursuant to a guilty plea, for possession of a firearm after a felony conviction in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Mangum's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious grounds for appeal but raises an issue relating to the legality of the search and seizure. Although Mangum was informed of his right to file a supplemental brief, he has not done so. In accordance with the requirements of *Anders*, we have considered the briefs on appeal and examined the entire record for meritorious issues. Finding no reversible error, we affirm.

Police officers received consent to search the residence at issue by the legal tenant, Mangum's fiancee; Mangum denied living at the residence when asked. Officers discovered the loaded firearm in question tied in a bag with items containing Mangum's name. After receiving his *Miranda*\* warnings, Mangum admitted he had been "holding [the weapon] for someone." The district court denied Mangum's motion to suppress the evidence, finding that Mangum lacked standing to challenge the search and that consent to search had been freely and voluntarily given by the tenant of the property. Thereafter, Mangum entered a plea of guilty. We find the guilty plea to be knowingly and voluntarily entered, therefore, valid.

A valid guilty plea constitutes waiver of all non-jurisdictional defects occurring prior to the plea, including claims of unlawful search and seizure based on the Fourth Amendment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Mangum did not enter a conditional plea nor preserve his Fourth Amendment claims for appeal. *See*

---

\**Miranda v. Arizona*, 384 U.S. 436 (1966).

Fed. R. Crim. P. 11(a)(2); *United States v. Wiggins*, 905 F.2d 51, 52 (4th Cir. 1990). Because the facts underlying this claim were known to Mangum before he entered his plea and because the claim does not call into question the trial court's jurisdiction, Mangum's Fourth Amendment claim is foreclosed by his plea.

We have examined the entire record in this case, including the transcript of the Fed. R. Crim. P. 11 colloquy and sentencing hearing, and find no meritorious issues for appeal. Accordingly, we affirm Mangum's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*